McKinney, J.,
delivered tbe opinion of- the Court.
This was an action of covenant brought against the defendants, as Executors of Jacob Queener, dec’d., on the 22d December, 1852, in the Circuit Court of Campbell. The instrument declared on is in the fol-' lowing words and figures:
“Three months after date, for value received, I promise to pay Charles Lewallen the sum of sixteen hundred and sixty six pounds of merchantable bar iron; to be assorted well; and to be delivered at the forge of John Queener, deceased. Witness my hand and seal, this March 3d, 1845.”
“ Jacob Queener, [Seal.]”
On the 4th of May, 1845, Lewallen tranferred said obligation, by a written assignment on the back thereof, to the plaintiffs, Austin & James Moore.
The defendants pleaded, first, a general plea of covenants performed; and, secondly, a plea of set-off, founded upon a bill-single executed by said Lewal-len to said Jacob Queener, in the following words and figures:
“Three months after date, I promise to pay Jacob Queener the sum of ' eighty-four dollars and fourteen cents, for value received. Witness my hand and seal, this March 3d, 1845.”
“Chaeles Lewallen, [íeal.]”
Another plea was put in, averring the readiness of the testator, at the time and place specified, to deliver, and an offer to deliver, the iron, according to the terms of the obligation, &c, Upon this plea *48 issue was joined; but, before trial, the defendants, by leave of the Court, withdrew said plea.
On the trial, evidence was introduced by both parties as to the value of iron, at the time and place stipulated for the delivery by the terms of the obligation sued on ; from which it appears, that the market value, or price, was three and a half cents per pound.
The principal question, on the trial, arose upon the plea of set-off. The Court instructed the jury, that the bill-single set forth in the defendant’s plea, “was properly the subject matter of set-off in the present suit.”
The jury found for the defendants, upon the plea of covenants performed; and ' likewise upon the plea of set-off; and that the amount of the set-off was greater than the amount sought to be recovered in this action.
The finding of the juiy upon the plea of covenants performed, is wholly unsupported by any evidence in the record. But this error is of no practical consequence, and forms no ground for reversal, if the verdict and judgment can be supported upon the issue of set-off.
It is insisted by the counsel for the plaintiffs, that the debt due upon the bill-single set forth in the defendant’s plea, cannot be set-off against the plaintiffs’ demand in this action; first, because the demand sought to be recovered by the plaintiffs, and the debt offered to be set-off against it, are not mutual debts \yithin the meaning of the Statute,—1756, ch. 4, sec. 7, — the plaintiffs’ claim being for unliquidated damages; *49 and, secondly, because the obligation declared on was transferred before due, for a valuable consideration, and without notice of any set-off.
The last objection we think is wholly untenable. It is true, that, by our law, “ bills or notes for specific articles” are made assignable, so as to vest the assignee with- a right of action in his own name; but the law does not invest them with the character or qualities of negotiable paper; nor does it entitle them to the protection or privileges of negotiable paper, by the law merchant. The assignor is not liable by force of his assignment; but only in a special action on the case, founded upon an express undertaking to be liable; or upon fraud in the transfer. The effect of the statute, making such notes assignable, is simply to confer upon the assignee a right of action, in his own name at law as well as in equity. It places the assignee, as respects the maker, in no better condition than his assignor; and the note in his hands is subject to all the equities and matters of defence to which it was subject in the hands of the assignor. Such has been the course of decision in this State in respect to notes for the payment of specific articles.
The question of set-off is one of more difficulty. This remedy, given by statute, in order to prevent circuity of action, is regarded with more favor, and more liberally applied, at this day, than formerly.
All the authorities concur, that in an action brought to recover damages, which are uncertain or unliqui-dated, and which it is the exclusive province of a jury to estimate and assess, no set-off is allowable. *50 The rule upon this subject, we think, is correctly stated by Mr. Chitty, in his treatise on contracts, p. 842-3, (edition of 1848,) that “the statute does not apply, except in the case of mutual debts; that is, to claims in the nature of a debt reduced, or reducible to a certain or specific pecuniary amount, and recoverable in an action ex contractu, as assumpsit, debt, or covenant.” See also 4 Bing. N. C. 58. 6. Dowl. 202. The same principle is substantially announced in Martin vs. McAlister, 2 Yerg. R. 111. It is said in that case, that though the plaintiff’s demand be unliquidated, it is not less a debt in the. sense of the statute, if it may be ascertained by the action of debt, or indebitatus assumpsit. Hence, say the Court, to such action, for work and labor, &c., set-off may be well pleaded. For when the value of the work and labor is found by the jury, then these are mutual' debts; and the Court can give judgment by barring the ‘ plaintiff’s ascertained debt in whole or part. Applying the principle of these authorities to the case before us, we think the set-off was properly allowed. In the obligation declared on, both the time' and place of payment or delivery of the iron, are fixed by the terms of the contract; and, consequently, the case does fall within the act of 1807, ch. 95, § 1. See 1 Humph. 415. The case is governed by the rule of the common law, which requires performance, or readiness to perform, on the part of the obligor, at the time and place stipulated in the contract. Otherwise the plaintiff’s claim is changed into a money demand. And the law, in such case, prescribes a definite rule by which the *51 amount of sucb money demand shall be ascertained, namely, the market value of the specific article, at the time and place fixed for the delivery thereof; so that, really, 'in such case, the ascertainment of the amount by a jury, is little more than a mere matter of computation. In the case under consideration, the state of the pleadings concedes that, by the failure to deliver the iron, the plaintiff’s claim was converted into a money demand; or, in the language of the authority above cited, a “ claim in the nature of a debt, capable, by a precise rule of law, of being reduced to a specific amount.” It follows, therefore, upon the doctrine of Martin vs. McAlister, before referred to, that the debt sought to be recovered, and the debt offered as a set-off, are to be regarded as mutual debts in the sense of the statute. We hold, therefore, that the set-off was properly, allowed.
Judgment affirmed.